ZARAT, DEMANDANTE Y APELANTE, *v.* SOCIEDAD DE SOCORROS MUTUOS "LOS AMIGOS DEL BIEN PÚBLICO," DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en causa sobre incumplimiento de contrato y daños y perjuicios.

No. 1254.—Resuelto en junio 21, 1915.

SOCIEDADES—CARGOS EN UNA SOCIEDAD.—Las personas que solicitan cargos en una sociedad están obligados por las reglas interiores de la misma.

ID.—RECONSIDERACIÓN DE VOTACIONES O ACUERDOS—FACULTADES DEL PRESIDENTE.—Cuando por las reglas de una sociedad se confiere amplia discreción al presidente para ordenar o permitir la reconsideración de cualquier votación o acuerdo dentro de cierto período de tiempo, tal votación o acuerdo no queda consumado sino hasta después de expirar dicho tiempo.

ID.—CONTRATO POR SERVICIOS—NOMBRAMIENTO O ELECCIÓN PARA CARGOS—ACEPTACIÓN.—El mero hecho de que una persona o sociedad llegue a una conclusión con respecto a la elección o nombramiento de determinada persona para un cargo, generalmente no perfecciona el contrato, sino que es necesario además que la elección o nombramiento sea comunicado al interesado por persona facultada para ello.

ID.—IRREGULARIDAD EN EL NOMBRAMIENTO O ELECCIÓN PARA CARGOS.—Cuando existe irregularidad en el nombramiento o elección de una determinada persona para un cargo en una sociedad y tal nombramiento o elección no ha sido comunicado aun al interesado, las únicas personas con derecho a oponerse a la irregularidad de la acción de la sociedad son los miembros de ella.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eduardo H. F. Dottin.*

Abogado de la apelada: *Sr. Jacinto Texidor.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los siguientes hechos aparecen sustancialmente en la opinión de la corte inferior. En los días 18 de noviembre y diciembre de 1913, la Sociedad de Socorros Mutuos, "Los Amigos del Bien Público," publicó dos convocatorias, invitando a los médicos residentes y con derecho a ejercer en esta isla para que tomasen parte en un concurso que dicha demandada celebraría con el fin de cubrir una vacante de médico auxiliar de la referida sociedad en Santurce. Concurrió el demandante, Dr. Jacinto Zarat, al concurso, y en la noche de diciembre 23, 1913, su solicitud en unión de la de otros cinco aspirantes fué sometida a votación secreta por la junta directiva de la demandada. Según se hace constar en el acta de la sesión, levantada por el secretario de la sociedad, se procedió a la votación, obteniendo cinco votos el Dr. Zarat, tres el Dr. Salvador Ros, y uno el Dr. Arsenio Vallecillo, quedando designado por mayoría de votos el Dr. Zarat para ocupar la plaza de médico auxiliar en Santurce desde el primero de enero del año 1914. Con la misma fecha, 23 de diciembre de 1913, tres de los vocales de la directiva, Marrero, Lora y Naranjo, presentaron al presidente una petición solicitando la celebración de una sesión extraordinaria por el cuerpo directivo para reconsiderar el acuerdo tomado por la junta relativo al nombramiento de médico auxiliar de Santurce. En virtud de esta petición el presidente suspendió el acuerdo y citó a la junta directiva para el siguiente día, 24 dé diciembre de 1913. Respondiendo a esa convoca-

toria reunióse la junta directiva y decretada la reconsideración del acuerdo, puesto de nuevo a votación el nombramiento de médico auxiliar, obtuvo el Dr. Zarat cinco votos y cinco el Dr. Ros. Repetida la votación, resultó nuevamente empatada y se decidió el empate por el presidente que votó en favor del Dr. Ros a quien se dió posesión del cargo. Alegó el demandante que en la sesión celebrada en 23 de diciembre de 1913, quedó definitivamente nombrado médico auxiliar de dicha sociedad, debiendo comenzar a prestar sus servicios desde el día 1 de enero de 1914, e insistió en que la sociedad demandada al rescindir violenta e injustamente el contrato, sin autorización de dicho demandante le causó daños que estima en la cantidad de $1,720, y solicitó una sentencia a su favor por esa suma, con las costas, gastos y honorarios de abogado.

La demandada sostuvo que no llegó a consumarse el contrato por hallarse el acuerdo sobre la elección del demandante para el cargo indicado sujeto a que los socios pudieran pedir su reconsideración y porque el presidente de la Junta Directiva tenía 24 horas para poder cumplimentarlo o admitir la petición de reconsideración que pudiera presentarse y citó la demandada los artículos 46, 86 y 87 del reglamento de la sociedad.

La corte inferior fué de opinión que al presentar el apelante su solicitud en virtud de la convocatoria publicada quedó sometido a las reglas interiores por las cuales se gobierna la sociedad incluyendo el derecho que tiene la sociedad para reconsiderar cualquier elección. La corte fué, además, de parecer de que no llegó a consumarse contrato alguno en este caso, puesto que la oferta hecha por el Dr. Zarat nunca fué debidamente aceptada por la sociedad y por consiguiente no existió el consentimiento que exige la ley para la existencia de un contrato. Sostiene el apelante que el contrato quedó perfeccionado por virtud de la acción tomada por la sociedad en la primera noche y que la reconsideración era completamente irregular y nula. Sostiene al parecer que tres

de los miembros de la sociedad que votaron con la minoría no tenían derecho a solicitar la reconsideración. Pero las reglas 86 y 87 del reglamento de la sociedad confirieron amplia discreción al presidente para ordenar o permitir que fuera reconsiderada cualquier cuestión dentro de las veinte y cuatro horas de haber tenido lugar una votación, y creemos que el presidente tenía derecho a permitir dicha reconsideración sin que fuera o no solicitada la misma.

Alega el apelante que como él no tenía conocimiento de las reglas de la sociedad y como éstas no habían sido publicadas en la convocatoria no podía aceptarlas. Creemos que es un hecho conocido por todo el mundo que cualquier persona que solicita un cargo de una sociedad está obligada por sus reglas interiores. También dice el apelante que tal vez la sociedad tenía derecho a reconsiderar simplemente sus acuerdos pero no a anular un contrato. Pero de observarse las reglas resulta evidente que el contrato no queda consumado sino hasta después de veinte y cuatro horas de celebrada cualquier votación.

También insistió el apelante en que la acción adoptada posteriormente por la junta era nula y sin ningún valor, pues el contrato quedó perfeccionado en la primera sección y sostiene que la segunda votación fué nula por haber votado dos veces el presidente. Se ve que según las reglas el presidente está autorizado no solamente para votar en primer término sino también para dar su voto en casos de empate; pero aun cuando estemos equivocados con respecto a esta regla es evidente que la decisión del presidente anunciando que el Dr. Ros fué alegido no se impugnó en la misma sesión.

Y esto nos lleva a otro aspecto de la cuestión. El mero hecho de que una persona o sociedad llegue a una conclusión de que ha de elegir o nombrar determinada persona generalmente no perfecciona un contrato. Por lo general se necesita algo más. Si una persona le dice a su taquígrafo que está resuelto a aceptar cierta oferta y éste comunica el hecho a la parte interesada el contrato no se ha consumado puesto

que la aceptación debe ser comunicada por uno que tenga facultad para ello. En el presente caso no existió jamás comunicación alguna de haber aceptado la sociedad al Dr. Zarat. La sociedad tenía el derecho, como creemos, aún apartándose de sus reglas para demorar la comunicación. En cualquier momento antes de comunicárselo al Dr. Zarat la sociedad pudo haber tenido el derecho de cambiar de parecer bien mediante el voto unánime de los asociados o quizás con menos votos. La cuestión de la comunicación de cualquier intención de celebrar un contrato ha sido considerada de modo interesante en el tomo 9 de Cyc., páginas 246–272.

Debe notarse otra cosa en este caso. Ni siquiera se ha sugerido que ninguno de los socios votantes creyera que fuera ilegal la acción tomada por la sociedad al elegir al Dr. Ros. Ellos estaban presentes y aceptaron el anuncio de la elección sin que al parecer entonces o después se formulara alguna protesta. Creemos que no habiéndose dirigido comunicación alguna al Dr. Zarat aceptando su oferta, las únicas personas que tenían derecho a oponerse a la irregularidad de la acción de la sociedad eran los mismos miembros.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.